# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CRIMINAL ACTION NO. 5:16-CR-00022-TBR

UNITED STATES OF AMERICA,                                                              Plaintiff,

v.

VICKIE LOUISE VINIARD, *et al.*,                                                       Defendant.

## MEMORANDUM OPINION AND ORDER

A federal grand jury returned a superseding indictment against Vickie Louise Viniard, the Judge Executive of Ballard County, Kentucky, charging her with one count of bank fraud, two counts of making a false statement on a loan application, and one count of wire fraud. Viniard takes issue with the charges alleged in the superseding indictment. Pointing to the Double Jeopardy Clause of the Fifth Amendment, she claims that making a false statement on a loan application is nothing more than a lesser-included offense of bank fraud. The issue appears to be of first impression in this Circuit, and Viniard's argument is not without some appeal. Nonetheless, the Court finds no defect of constitutional magnitude in the superseding indictment. Accordingly, Viniard's Motion to Dismiss, [R. 43], is **DENIED**.

### I.

### A.

In June 2017, a federal grand jury returned a superseding indictment against Vickie Louise Viniard, charging her with one count of bank fraud (18 U.S.C. § 1344), two counts of making a false statement on a loan application (18 U.S.C. § 1014), and one count of wire fraud (18 U.S.C. § 1343). [R. 37 at 3–5, ¶¶ 6–13 (Superseding Indictment).] According to the superseding indictment, Viniard, as the Judge Executive

1

of Ballard County, Kentucky, applied for a series of loans between 2012 and 2014 in order to finance the County's operations. [*Id.* at 1–2, ¶¶ 1–5.] In the course of doing so, Viniard misrepresented that she had authority to take out the loans (and to pledge the County's assets as collateral), giving rise to the charge for bank fraud. [*Id.* at 3, ¶¶ 6–7.] Earlier during that same time period, she lied to a loan officer about having unilateral authority to borrow money on the County's behalf, which led to the first charge of making a false statement on a loan application. [*Id.* at 4–5, ¶¶ 10–11.] She later fabricated a resolution from the Ballard County Fiscal Court to evidence that authority, resulting in the second charge of making a false statement on a loan application. [*Id.* at 3–4, ¶¶ 8–9.]

**B.**

Viniard takes issue with the charges alleged in the superseding indictment. She seeks to dismiss both charges of making a false statement on a loan application. [R. 43 (Motion to Dismiss).] The Government opposes the motion. [R. 47 (Response).]

**II.**

The Double Jeopardy Clause of the Fifth Amendment "provides that no 'person [shall] be subject for the same offence to be twice put in jeopardy of life or limb.'" *United States v. Vichitvongsa*, 819 F.3d 260, 272 (6th Cir. 2016) (alteration in original) (quoting U.S. Const. amend. V). It protects an individual from "successive prosecutions for the same offense after acquittal or conviction, as well as from multiple punishments for the same offense." *United States v. Farah*, 766 F.3d 599, 606 (6th Cir. 2014) (citing *Brown v. Ohio*, 432 U.S. 161, 165 (1977)). A multiplicitous indictment, which charges "a single offense in more than one count," violates that constitutional precept. *United*

2

*States v. Myers*, 854 F.3d 341, 355 (6th Cir. 2017) (quoting *United States v. Swafford*, 512 F.3d 833, 844 (6th Cir. 2008)).  To determine whether an indictment is multiplicitous, the Court

> focuses on the statutory elements of the two crimes with which a defendant has been charged, not on the proof that is offered or relied upon to secure a conviction. . . . If each [offense] requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes.

*United States v. DeCarlo*, 434 F.3d 447, 455 (6th Cir. 2006) (alterations in original) (quoting *United States v. Barrett*, 933 F.2d 355, 360–61 (6th Cir. 1991)).

### III.

Viniard claims that the superseding indictment is multiplicitous, and so violates the Double Jeopardy Clause of the Fifth Amendment.  [R. 45 at 2–7 (Memorandum in Support).]  In support of that position, she argues that the charges of making a false statement on a loan application, based on 18 U.S.C. § 1014, are nothing more than a lesser-included offense of the bank fraud charge, based on 18 U.S.C. § 1344.  [R. 45 at 3–5 (Memorandum in Support).]  The issue appears to be of first impression in this Circuit, and Viniard's argument is not without some appeal.  Nonetheless, the Court finds no defect of constitutional magnitude in the superseding indictment.

The analysis begins and ends with the statutory text at issue.  The federal bank fraud statute reads:

> Whoever knowingly executes, or attempts to execute, a scheme or artifice—
>
> (1) to defraud a financial institution; or
>
> (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;

> shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

18 U.S.C. § 1344. The statute proscribing the making of a false statement on a loan application, in turn, says:

> Whoever knowingly makes any false statement or report, or willfully overvalues any land, property or security, for the purpose of influencing in any way the action of . . . any institution the accounts of which are insured by the Federal Deposit Insurance Corporation . . . upon any application . . . shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

18 U.S.C. § 1014.

Looking to the plain language of § 1344 and § 1014, each require proof of facts that the other does not. Section 1344 requires a "scheme or artifice," while § 1014 does not. Section 1014 requires that a false statement be made to obtain a loan or advance, while § 1344 has no such requirement. What is more, a false statement must be material to violate § 1344; the same does not hold true for § 1014. *Compare Neder v. United States*, 527 U.S. 1, 25 (1999) (holding that "materiality of falsehood is an element of the federal mail fraud, wire fraud, and bank fraud statutes"), *with United States v. Wells*, 519 U.S. 482 (1997) (holding that "materiality of falsehood" is not "an element of the crime of knowingly making a false statement to a federally insured bank"). Because it is possible to violate either statute without violating the other, the Court holds that the charge of bank fraud (§ 1344) and charges of making a false statement on a loan application (§ 1014) are not multiplicitous. *See United States v. Chacko*, 169 F.3d 140, 145–48 (2d Cir. 1999) (holding that an indictment under both 18 U.S.C. §§ 1014 and 1344 "for the same conduct is not multiplicitous"); *United States v. Dupre*, 17 F.3d 810, 818 (5th Cir. 1997) (same); *United States v. Nash*, 115 F.3d 1431, 1437–38 (9th Cir. 1997) (same); *United States v. Fraza*, 106 F.3d 1050, 1053–54 (1st Cir. 1997) (same); *see*

4

*also United States v. Honarvar*, 477 F.3d 999, 1001–02 (8th Cir. 2007) (same under plain error review); *United States v. Abu-Shawish*, 175 F. App'x 41, 43–44 (7th Cir. 2006) (same).

## IV.

**IT IS HEREBY ORDERED** that Vickie Louise Viniard's Motion to Dismiss, [R. 43], is **DENIED**.

**IT IS SO ORDERED.**

Date:

cc:       Counsel of Record